## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.


M.G.O., a minor by and through,
Tosha Ortega, individually,
and custodial parent and next friend of M.G.O,

                        Plaintiffs,

         v.

Sensio, Inc. d/b/a Bella,
a Canadian Corporation,

                        Defendant.

---

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff M.G.O., a minor by and through, Tosha Ortega, individually and custodial parent and next friend of M.G.O, (hereafter referred to as "Plaintiff"), by and through undersigned counsel, hereby submits the following Complaint and Demand for Jury Trial against Defendant Sensio, Inc. d/b/a (hereafter referred to as "Defendant Bella"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant Sensio, Inc. d/b/a Bella ("Defendant Bella") designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Bella 6qt 10 in 1 Multicooker," which specifically includes the Model Number M-60B23G (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2.      Defendant Bella boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[1] Despite Defendant's claims of "safety,"[2] it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

5.      As a direct and proximate result of Defendant Bella's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed June 7, 2021)
[2] *See* Bella 6qt 10 in 1 Multicooker Model Number M-60B23G Owner's Manual, pg.4, attached hereto as Exhibit A an incorporated by reference.

## PLAINTIFF M.G.O

6.      Plaintiff M.G.O. is a resident and citizen of the city of Arvada, County of Jefferson, State of Colorado, where he resides with his mother, Tosha Ortega.

7.      On or about January 5, 2020, the Plaintiff M.G.O suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety locking lid,"[3] which purports that "the lid will not come off when it is in the LOCK position." In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SENSIO, INC. D/B/A BELLA

8.      Defendant Bella designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9.      Defendant Bella is a Canadian Corporation, with a principal place of business located at 610 East River Road, STE 260, New Glasgow, Nova Scotia B2H 3S2

## JURISDICTION AND VENUE

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

---

[3] *Id.*

11.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.     Jurisdiction in this Court is also proper in that Defendant Bella has established sufficient minimum contacts with the State of Colorado through the sale and distribution of its products.

## FACTUAL BACKGROUND

13.     Defendant Bella is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14.     Defendant Bella boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[4]

15.     According to the Owner's Manual accompanying each individual unit sold, the pressure cookers' "safety locking lid" purportedly keeps the lid from the pressure cooker from opening once pressurize. Specifically:

    a.     "For your safety the lid will not come off when it is in the LOCK position." [5]

16.     By reason of the forgoing acts or omissions, the above-named Tasha Ortega purchased the pressure cooker with the reasonable expectation that it was properly designed and

---

[4] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed June 7, 2021)
[5] *See* Bella 6qt 10 in 1 Multicooker Model Number M-60B23G Owner's Manual, pg.4.

manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

17.     Tasha Ortega used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant Bella.

18.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Bella in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

19.     Defendant Bella's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

20.     Further, Defendant Bella's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

21.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

22.     Defendant Bella knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant Bella continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public.

23.     As a direct and proximate result of Defendant Bella's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff.

24.     Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant Bella's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT PRODUCTS LIABILITY

25.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges

26.     Defendant Bella designed, manufactured, sold, distributed, marketed, and supplied the Subject Pressure Cooker, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and were otherwise unreasonably dangerous for its intended use by foreseeable consumers, including Plaintiff.

27.     The Subject Pressure Cooker was unreasonably dangerous in design and manufacture due to the lid of the pressure cooker being removable with built-up pressure, heat and steam still inside the unit.

28.     Defendant Bella failed to act reasonably in choosing a design of the Subject Pressure Cooker that did not prevent the lid from being removed while still pressurized.

29. Defendant Bella have used a safer alternative design to prevent the lid from being removed while still pressurized.

30. At the time the Subject Pressure Cooker were manufactured and sold by Defendant Bella they were defective, unsafe, and unreasonably dangerous for their intended and foreseeable use(s) by consumers, including Plaintiff, due to these manufacturing defects or omissions by Defendant Bella

31. The manufacturing defects of the Subject Pressure Cooker allowed the lid of the pressure cooker to be removed with built-up pressure, heat and steam still inside the unit, leading to serious personal injuries like those described herein in this Complaint.

32. Defendant Bella failed to conduct adequate safety testing and inspection of the Subject Pressure Cooker.

33. The Subject Pressure Cooker did not contain adequate warnings or instructions for use, making it defective and unreasonably dangerous to consumers and foreseeable users of the Subject Pressure Cooker, including Plaintiff.

34. Defendant Bella failed to warn foreseeable users and consumers, including Plaintiff, of any specific risk of harm, including that the Subject Pressure Cooker could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

35. The Subject Pressure Cooker was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

36. A reasonable consumer, including Plaintiff, would not have reason to expect that the lid Subject Pressure Cooker could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

37.     Plaintiff did not misuse or materially alter the Subject Pressure Cooker and is unaware as to how she could have avoided the incident.

38.     At the time they were sold, Defendant Bella knew or should have known that the lid Subject Pressure Cooker could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

39.     The design and manufacturing defects contained within the Subject Pressure Cooker, as well as Defendant Bella inadequate warnings and instructions for the use of the Subject Pressure Cooker, were the proximate causes of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and her resulting damages, for which the Defendant Bella in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

40.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

41.     Defendant Bella, including its officers, employees and agents, had a duty of reasonable care to market and sell non-defective pressure cookers, including the Subject Pressure Cooker, that was reasonably safe for its intended uses by consumers.

42.     Defendant Bella failed to exercise the ordinary care required by a reasonably prudent manufacturer, retailer and/or distributor in the design, manufacture, marketing, distribution, sale, and advertising of its pressure cookers, including the Subject Pressure Cooker,

in that Defendant Bella knew or should have known that the Subject Pressure Cooker created a substantial risk of unreasonable harm to Plaintiff and consumers alike.

43.     Defendant Bella was negligent in the designing, manufacturing, advertising, marketing, distributing and selling the Subject Pressure Cooker in that, among other things, it:

     a.  Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

     b.  Placed an unsafe product into the stream of commerce;

     c.  Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

     d.  Were otherwise careless or negligent.

44.     Defendant Bella's negligence was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and her resulting damages, for which the Defendant Bella in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENT MANUFACTURING DEFECT

45.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

46.     At all times material to the allegations in this Complaint, Defendant Bella was in the business of manufacturing designing, testing, marketing, certifying, supplying, selling, importing and distributing the Subject Pressure Cooker, which was negligently manufactured.

47.     Defendant Bella failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and

promoting the Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiffs.

48.     As a result, the Subject Pressure Cooker contained defects in its manufacturing process, which rendered it unreasonably dangerous to consumers, such as the Plaintiffs, when used as intended or as reasonably foreseeable to Defendant Bella. The defect in the manufacturing process allowed the lid of the Subject Pressure Cooker to be removed while still retaining pressure.

49.     Prior to and at the time of the incident at issue in this lawsuit, the Subject Pressure Cooker was not materially changed from the condition in which was manufactured.

50.     Even though Defendant Bella knew or should have known that it's pressure cookers could retain pressure, despite the appearance that all pressure had been released, Defendant Bella continued to market and sell Pressure Cookers to the general public.

51.      Defendant Bella's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENT DESIGN DEFECT

52.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

53.     At all times material to the allegations in this Complaint, Defendant Bella was in the business of manufacturing designing, testing, marketing, certifying, supplying, selling, importing and distributing the Subject Pressure Cooker, which was negligently designed.

54.     Defendant Bella failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

55.     As a result, the Subject Pressure Cooker contained defects in its design, which rendered it unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant Bella. The defect in its design allowed the lid of the Subject Pressure Cooker to be removed while still retaining pressure

56.     Prior to and at the time of the incident at issue in this lawsuit, the Subject Pressure Cooker was not materially changed from the condition in which was manufactured.

57.     Even though Defendant Bella knew or should have known that it's pressure cookers could retain pressure, despite the appearance that all pressure had been released, Defendant Bella continued to market and sell Pressure Cookers to the general public.

58.     Defendant Bella's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper**.**

### COUNT V
### NEGLIGENT INFORMATION DEFECT

59.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

60.     At all times material to the allegations in this Complaint, Defendant Bella knew or had reason to know that Pressure Cookers, including the Subject Pressure Cooker, were dangerous and created an unreasonable risk of harm to consumers, including Tasha Orteg and the Plaintiff.

61.     Defendant Bella had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made Pressure Cookers likely to be dangerous.

62.     Even though Defendant Bella knew or should have known that it's pressure cookers could retain pressure, despite the appearance that all pressure had been released, Defendant Bella continued to market and sell Pressure Cookers to the general public.

63.     Defendant Bella's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

64.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

65.     Defendant Bella manufactured, supplied, and sold Pressure Cookers with an implied warranty that they were fit for the particular purpose of efficiently and safely cooking meals.

66.     Members of the consuming public, including consumers such as Tasha Ortega, were the intended third-party beneficiaries of the warranty.

67.     Defendant Bella's Pressure Cookers were not fit for the particular purpose as a safe means of cooking meals due to the lid of the pressure cooker being removable with built-up pressure, heat and steam still inside the unit.

68.     The Plaintiff reasonably relied on Defendant Bella's implied warranty that its Pressure Cookers were a safe means of cooking.

69.     Defendant Bella's breach of implied warranty was the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

70.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

71.     Defendant Bella manufactured, supplied, and sold Pressure Cookers with an implied warranty that the vehicles were merchantable and fit for the ordinary purposes for which they were intended.

72.     Members of the consuming public, including consumers such as Tosha Ortega, were the intended third-party beneficiaries of the warranty.

73.     Defendant Bella's Pressure Cookers were not merchantable and fit for the ordinary purposes for which they were intended as a safe means of cooking meals due to the lid of the pressure cooker being removable with built-up pressure, heat and steam still inside the unit.

74.     The Subject Pressure Cooker was purchased with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended use of cooking meals.

75.     Defendant Bella' breach of implied warranty was the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT VIII**
**VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT**
**C.R.S. § 6-1-105, *et. seq.***

76.     Plaintiff incorporated by reference each preceding and succeeding paragraph as though set forth fully at length herein.

77.     The Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-105, *et. seq.,* a "person" engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, that the person, *inter alia,* "[k]nowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith;" and "[r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another." C.R.S. §§ 6-1-105 (e) and (g).

78.     At all times material herein, Defendant warranted and represented that its pressure cookers were safe and free of defects in materials and workmanship and that they possessed certain "safety mechanisms".

79. Defendant's warranties and representations that its pressure cookers were safe and free from defects, including that they possessed "safety mechanisms," would influence a reasonable consumer's decision whether to purchase the pressure cookers.

80. Defendant's failure to warn of its pressure cookers defects was a material omission that would influence a reasonable consumer's decision whether to purchase its pressure cookers.

81. Tosha Ortega relied on the truth of Defendant's warranties and representations concerning the pressure cookers, and Plaintiffs suffered personal damages as result of this reliance.

82. Had Tosha Ortega been adequately warned concerning the likelihood that the pressure cooker's lid could be removed while pressurized, she would have taken steps to avoid damages by not purchasing this product. As a result of these violations of consumer protection laws, the Plaintiff in this case has incurred and will incur: serious physical injury, pain, suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical and hospital expenses and other expense related to the diagnosis and treatment thereof, for which the Defendant is liable.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bella for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## <u>INJURIES & DAMAGES</u>

72. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries they suffered from the incident.

73.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries he suffered from the incident.

74.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiffs have and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries they suffered from the incident.

75.     Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendant;

b.  damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c.  pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case;

e.  an award of attorneys' fees; and

f.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,


**JOHNSON BECKER, PLLC**

Dated: <u>December 9, 2021</u>     <u>*/s/ Adam J. Kress, Esq.*</u>
Michael K. Johnson, Esq. (MN ID #0258696)
Kenneth W. Pearson, Esq. (MN ID #016088X)
Adam J. Kress, Esq.  (MN ID #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***